## JOHN BRADY *vs.* CITY OF FALL RIVER.

**Bristol.    Oct. 24. — Nov. 20, 1876.    DEVENS & LORD, JJ., absent**

The mayor and aldermen of a city laid out a street, and, in their report of the loca
tion, after giving the boundaries, referred for further description to a plan on file
with the city clerk. A plan was filed with the report, in the office of the city
clerk, showing, upon an horizontal scale, the boundaries of the street, and, upon a
vertical scale, two grade lines with figures denoting their respective heights. *Held*,
that the laying out of the street established the grade line by reference to the plan;
and that parol evidence was admissible to show that, in changing the grade, the
plan was followed and the street raised no higher than the grade there fixed.

PETITION to the Superior Court, filed May 15, 1875, for a jury
to assess the damages occasioned to the petitioner's estate by
changing the grade of Brownell Street in Fall River. Hearing
before *Brigham*, C. J., without a jury, who allowed a bill of ex-
ceptions, in substance as follows:

Brownell Street had long been used and travelled upon by the
public before 1870. In that year the street was laid out and ac-
cepted by the city, the following report of the mayor and alder-
men having been accepted by the common council and the board
of aldermen: " This board having been petitioned by E. P. Em-
ery and others, on the 21st day of February, 1870, to lay out
and accept and make a public street of Brownell Street, from
North Main to Davol Street, the same was considered, and it
was voted that the mayor appoint a time to meet abutters on
the said street, and the 9th day of July having been appointed,
and the abutters having been notified, this board met at the time
and place named and decided that public necessity and common
convenience required that the said street should be laid out as
petitioned for. The boundaries of said street are as follows.
Commencing at a bound stone on the south line of Brownell
Street and east line of Davol Street, and running easterly over
bound stones at the southeast corners of said Brownell Street
and two proposed streets across the Old Colony and Newport
Railroad to a bound stone on the southwest corner of Brownell
and Main Street for the southerly line of Brownell Street, and
the northerly line is (50) fifty feet distant and parallel with the
south line. For a further description of said street reference
may be had to a plan on file in the city clerk's office. In the

above laying out no damage was claimed and no damage awards were made."

A plan of the street was filed in the city clerk's office at the time of the report, and remained there down to the time of this hearing. [A copy of the plan was annexed to the exceptions, showing upon a horizontal scale the boundaries of the street, and upon a vertical scale two grade lines, the upper one in red ink and the lower one in black ink, with figures denoting the heights of the two lines, every fifty feet.]

Nothing was done upon the street, in the way of raising it, until July, 1874, when the following order of the mayor and aldermen was passed: "Ordered that the superintendent of streets cause Brownell Street to be worked to grade from North Main Street to Davol Street." Under this order, the street was raised, opposite the petitioner's land, about a foot higher than its former level, and the petitioner's land was thereby damaged.

The respondent, against the objection of the petitioner, introduced evidence showing that, in so raising the street, the superintendent used and worked by the plan referred to. This was not contradicted; and it was not contended by the petitioner that, if a grade was fixed and established by the laying-out, the street has been raised higher than the grade so fixed. In February, 1875, the petitioner filed a petition with the mayor and aldermen for the assessment of his damages. The petition was referred to a committee of the board who reported that in the working and grading of the street no damage was done to the petitioner's estate by the city, and recommended that the petitioner have leave to withdraw, which report was, within thirty days from the filing of the petition, adopted by the board.

The petitioner asked the judge to rule that the petition could be maintained; that no grade of the street was established in 1870; and that therefore the petitioner was entitled to maintain this petition under the Gen. Sts. *c.* 44, § 19, for the work done in raising the street in July, 1874; but the judge declined so to rule; and did rule, that by the laying out and plan of 1870 the grade of the street was sufficiently established, and that what was done in 1874, being only a completion of the street according to the original laying-out, the petitioner's remedy should have been under the Gen. Sts. *c.* 43, by a petition filed

within one year from the date of the laying-out, and also, upon all the facts, that this petition would not lie; and found for the respondent. The petitioner alleged exceptions.

*H. M. Knowlton,* (*E. L. Barney* with him,) for the petitioner.
*T. M. Stetson & M. Reed,* for the respondent.

COLT, J. The work done upon Brownell Street in 1874 by the superintendent of streets was not a change of grade, within the meaning of the statute which gives compensation to one who sustains damage in his property caused by raising the highway for the purpose of repairs, to be had upon petition to the selectmen or mayor and aldermen, within one year from the completion of the work. Gen. Sts. *c.* 44, §§ 19, 20.

The street was first laid out by the mayor and aldermen as a public highway in 1870. In their report of the location, after giving the boundaries, they expressly refer for further description to "a plan on file in the city clerk's office." This plan was filed with the report and has since remained in the custody of the clerk. It plainly shows, upon a horizontal scale, the boundaries of the street, and, upon a vertical scale, the grade line to which it was to be raised and which was evidently contemplated as part of its original construction. *Stone* v. *Cambridge,* 6 Cush. 270.

The damages, to which a landowner is entitled upon the original location of a street, include changes in the surface of the land injurious to him, which are required by a proper construction of the way, and also those which are required by the terms of the location. The respondent was therefore properly allowed to show that, in raising the street, the superintendent of streets followed the plan referred to, and raised it no higher than the grade there fixed ; in accordance with the order of the board of aldermen requiring the street " to be worked to grade."

The presumption is that the petitioner either received full damages for the injury complained of, when the street was located, under the Gen. Sts. *c.* 43, or that he then waived his claim to damages. *Snow* v. *Provincetown,* 109 Mass. 123.

*Exceptions overruled.*