## LUCIUS G. LINCOLN *vs.* CITY OF WORCESTER.

Worcester. Oct. 6, 1876. — Mar. 2, 1877. COLT & MORTON, JJ., absent.

Upon a petition for a jury to revise an assessment of a betterment it appeared that, in altering a street, a grade was established lower than that fixed by the order for so doing; that the sidewalk opposite to the petitioner's land, at the point where it was crossed by his driveway, was not brought to grade ; and there was evidence that that portion of the sidewalk was so left temporarily. At the trial the presiding judge instructed the jury that, if they found that the street was left as graded permanently and was not to be altered, then, in assessing the betterment, they were to take the street as it was, and that, if the driveway was left temporarily by

the city, and must be changed to conform to the rest of the street as graded, they were to take it as it would be when changed. *Held*, that the respondent had no ground of exception.

PETITION under the St. of 1871, *c.* 382, § 7, to the Superior Court for a jury to revise an assessment of a betterment, made by the mayor and board of aldermen of the city of Worcester, upon the estate of the petitioner fronting on Pratt Street. Trial before *Rockwell*, J., who allowed a bill of exceptions in substance as follows:

Under an order, adopted December 16, 1872, Pratt Street was altered, widened and graded. By an order, adopted July 6, 1874, the mayor and board of aldermen adjudged the benefit and advantage to the petitioner's land thereby to be $421.64, and assessed thereon $210.82.

At some places the grade fixed by the order was established below the old grade, at others higher, and at others conformed substantially to the former grade of the street.

The house of the petitioner was situated about one hundred and seventy-five feet westerly from Pratt Street, and several feet above the former grade of that street, and from Pratt Street there was a driveway leading to the house. Where the driveway left the street, the new grade established by the order was substantially like the grade of the street before its alteration, and along the whole distance of the petitioner's estate it did not vary more than six inches from the former grade. Opposite the petitioner's estate, the street was worked and constructed from one foot to three feet below the grade established by the order, and below the former grade of the street, except at the point where the petitioner drove from his estate upon the street, at which a portion of the street was not removed but was left by the city as a driveway from the petitioner's estate, across the sidewalk. The portion of the street left over the sidewalk, on which the petitioner drove, was from one to two feet above the sidewalk and the street as finally constructed on each side thereof, but not higher than the established grade.

It was contended that it would be a damage to the estate of the petitioner to cut down the driveway so far as it was in the street, to a level with the rest of the street, as worked, and the petitioner contended and testified himself that the driveway was

left there temporarily. The street was constructed and left substantially in this condition in 1873. There was no other evidence that the city proposed to cut away the driveway in the street or in any way alter the same.

The respondent asked the judge to rule : " 1st. That the burden of proof was on the plaintiff to show that the amount of the assessment was erroneous, and more than one half the benefit received by him. 2d. That if the grade fixed by the order at the passageway was substantially on a grade with the old street, which was substantially the grade of the passageway at the west line of the street, then the city would have no right to cut down the passageway at that point, notwithstanding it may have cut the gutter on both sides of the passageway much lower. 3d. That if the passageway, now used by the plaintiff, so far as it was in the street, was not higher than the grade fixed by the order, the city would have no right to interfere with it, although it may have worked the street and sidewalks and gutters each side of the passageway much lower. 4th. That betterments should be assessed upon the basis that the plaintiff had a right to have the passageway remain as it was."

The judge gave the first instruction, but declined to give the others in the language requested, and instructed the jury as follows :

" If you find that the street is left as graded permanently, and is not to be altered, then, in assessing the betterments, you will take the street as it is. If you find that the driveway was left temporarily by the city, and that it must be changed to conform to the rest of the street as now graded and worked, you will take it as it would be as so changed." The jury returned a verdict that the petitioner's estate had been benefited in the sum of $128. The respondent alleged exceptions.

*F. T. Blackmer*, for the respondent.

*W. S. B. Hopkins*, for the petitioner.

AMES, J. It appears that, in the execution of the work of widening and otherwise improving Pratt Street, the respondent has not adhered literally to the terms of its own order. The street has been finished upon a considerably lower grade. As the respondent has undertaken to assess the betterments resulting from this improvement upon the persons specially benefited

thereby, the grade which has been practically adopted must be considered as the true grade for all the purposes of such assessment. The respondent has no right, under the St. of 1871, *c.* 382, § 1, to make any such assessment until after the street is in fact widened and graded. It is true that the sidewalk, at the point where it is crossed by the petitioner's driveway, is not yet reduced to the general level upon which the street has been constructed. But, according to the decision in *Whiting* v. *Mayor & Aldermen of Boston*, 106 Mass. 89, the work of grading the street may nevertheless be considered as substantially performed. There was evidence tending to show that this delay in the completion of that part of the sidewalk was temporary only; and the work of completing and fitting it for convenience of the public use might be left to be done in the ordinary mode of superintendence of streets, without impeaching the assessment. The act of making the assessment is a claim on the part of the respondent that it has done the widening and grading which it intended to do; and, in considering the reasonableness and justice of the assessment, the jury are to consider what has actually been done rather than what on paper was directed to be done. Under the instructions given them, the jury must first have satisfied themselves what was the permanent grade of the street, and whether the petitioner's driveway was left undisturbed as a temporary accommodation to him, or otherwise. The case was properly submitted to the jury, and the

*Exceptions are overruled.*