CITY OF CAMBRIDGE *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Middlesex. Jan. 17. — Oct. 17, 1878. ENDICOTT & SOULE, JJ., absent.

A city laid out a street in 1861, and within two years constructed it, and opened it to public travel, without making its grade conform to that established in the order of location; made repairs thereon nearly every year thereafter; in 1873, laid water pipes, and in 1874, built a sewer in the street, both with reference to the existing grade; and in 1877, changed the grade so as to conform to that fixed in the original order. *Held*, that this change of grade was not a part of the original construction of the street, and that it entitled an abutter to compensation for the injury occasioned thereby.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of Middlesex in issuing a warrant for

a jury to assess the damages caused to land of Eliza H. Marvin by changing the grade of Walden Street in Cambridge.

Hearing on the petition and answer, and agreed facts, before *Ames*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*J. W. Hammond*, for the petitioner.

*C. Robinson, Jr.*, for the respondents.

COLT, J. Walden Street, in Cambridge, was laid out in 1861 by the city council, and the order of location established the grade at which it was to be constructed. Within two years, the street was constructed and opened to public travel by the city, and it has ever since been so used; but it was not then graded so as to conform to the grade established in the order. In the early part of 1877, some sixteen years after the street was laid out, the existing grade of the street was made to conform to the order of location.

Eliza H. Marvin, who owned land abutting on the street, applied to the mayor and aldermen of Cambridge for damages sustained by her by the change of grade in 1877, and was awarded some damages under the Gen. Sts. *c.* 43, § 19. She was dissatisfied with the amount allowed her, and applied to the county commissioners for a jury, and a warrant for a jury was issued by their order.

The petitioner contends that the order for a jury is illegal and erroneous, because the change of grade complained of was a part of the construction of the street under the order laying out the same; while the respondents contend that it was a new change of grade within the provisions of the Gen. Sts. *c.* 44, §§ 19, 20.

We are of opinion that, upon the facts agreed, the work done in 1877 by the surveyors of highways and agents of the city cannot be fairly treated as done under the original order of construction. For many years, repairs had been annually made upon the street as upon a constructed and completed road, water pipes were laid by the city adapted to the actually existing grade in 1873 ; and, in 1874, a sewer, with openings and cesspools, was built with like reference to the grade as it then was. There was great lapse of time between the date when the road was originally constructed and opened for travel, under the order of location, and the date when the grade was raised as complained of

The title to the estate claimed to have been damaged may have changed hands many times. There was no evidence that the present owner had ever received any compensation for her damages, or that the delay in constructing the street according to the original order and plan was for the accommodation, or with the consent, of the landowner. The fair inference is, that the original construction in 1861, and the subsequent repairs made in 1877, were independent proceedings. *Snow* v. *Provincetown*, 109 Mass. 123.

The facts in this case distinguish it from *Brady* v. *Fall River*, 121 Mass. 262. In that case the street, which was laid out in 1870, had long before that been used and travelled upon by the public. A new grade was established by the order of location, but it appeared that nothing was done upon the street, in the way of raising it, until July, 1874, when it was ordered that the superintendent of streets cause the street to be worked to grade. It does not appear that there was any construction of the street attempted, or any act of opening it by the city to the public travel, before that time. It remained in the condition in which it was before it was laid out, and was used by the public in that condition. The facts in that case would not authorize the abutters to consider the construction completed before the grade was raised in 1874. *Lowell* v. *French*, 6 Cush. 223. *Williams* v. *Cummington*, 18 Pick. 312. *Lincoln* v. *Worcester*, 122 Mass. 119.

In this view of the case, it is unnecessary to decide whether, at this stage of the proceedings, the proper remedy of the city, for the alleged error of the county commissioners in ordering this warrant to issue, would be by writ of certiorari.

*Petition dismissed.*