## CLARA P. ALBRO vs. CITY OF FALL RIVER.

Bristol. December 7, 1899. — March 27, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Change of Grade — Original Construction — Specific Repairs — Seasonable bringing of Petition — Statute.*

Work having been done in repairing a way and not as original construction or as specific repairs, the verdict should have been for the petitioner, as the petition was seasonably brought under Pub. Sts. c. 52, §§ 15, 16.

If a change of grade is made by an authority competent to establish the grade, and the nature and extent of the change are specifically declared in the proceedings, the work is a specific repair under Pub. Sts. c. 49; but if the work is done or ordered by an authority which does not have the power to establish the grade, or if done or ordered by such an authority, the order does not specify the nature and extent of the change, and the change is made under an authority competent to direct the repair of ways so that they may be safe and convenient for travellers, the change is made under Pub. Sts. c. 52, and the damages are recoverable under that chapter.

PETITION, under Pub. Sts. c. 52, §§ 15, 16, for damages caused by the raising of the grade of Lincoln Avenue in Fall River. Trial in the Superior Court, before *Fessenden,* J., who stated that a single question which in certain aspects might be considered by the full court as material to the case was whether the surveyor of highways, when he made the change of grade, intended to perform that act in his official capacity to repair the way, or as specific repairs under and by authority of the orders introduced in evidence, and submitted the following question to the jury, " Was the work done by the surveyor of highways for the purpose of repairing the way ? " The jury answered the question in the negative. The judge, at the request of the respondent, directed the jury to return a verdict for the respondent; and the petitioner alleged exceptions, which appear in the opinion.

*J. F. Jackson & A. S. Phillips,* for the petitioner.

*L. E. Wood,* for the respondent.

BARKER, J.   In the year 1897 the street in front of the petitioner's lot was raised between three and four feet, and the petitioner was damaged thereby to the amount of $1,163. These damages she now seeks to recover. Her petition for damages was filed with the mayor and aldermen after the commencement of the work and within one year from its completion. The mayor and aldermen made no adjudication upon it, and she filed the present petition within one year from the expiration of thirty days from the time of filing her petition to the mayor and aldermen, but more than one year after the completion of the work done in 1897.

If the work was done under the provisions of Pub. Sts. c. 52, for the purpose of repairing the way, this petition is seasonably brought, under Pub. Sts. c. 52, §§ 15, 16, and the petitioner is entitled to a verdict for the amount which it is agreed that she was damaged, and interest and costs. If the work was done under the provisions of Pub. Sts. c. 49, authorizing the ordering of specific repairs, the omission from the order of an adjudication of damages to the petitioner was equivalent to an adjudication that she sustained no damage. *Monagle* v. *County Commissioners,* 8 Cush. 360. *Goddard* v. *Worcester,* 9 Gray, 88. *Sisson* v. *New Bedford,* 137 Mass. 255. *Sullivan* v. *Fall River,* 144 Mass. 579, 585. If aggrieved by that adjudication of her damages her

petition for relief must be brought within one year after the order, and she cannot recover because this petition was not seasonably brought. Pub. Sts. c. 49, § 79.

The street was laid out as a public way in 1872, by an order which fixed its grade, and fixed it higher than that to which the street was brought up by the work done in 1897. But no attempt was made until 1897 to bring the street to the established grade. On the contrary, the street was opened to travel at the grade existing before it was laid out as a public way, and was maintained at that grade until 1897. During all the period repairs were made upon it at that grade, water pipes and sewer were placed beneath its surface, permanent sidewalks and paved gutters and catch basins were built, street lights erected, and hydrants, curbings, and cross-walks established.

In 1897 a petition was presented to the board of aldermen representing that common convenience and necessity required that the grade of the street be defined for the use of the city, and asking the board to cause the same to be done. Upon this petition the board made an order declaring the grade of the street as accepted in 1872 to be the grade of the street.

On the same day with the adoption of the order declaring the grade to be that of the street as accepted in 1872 the board of aldermen adopted another order authorizing and directing the superintendent of streets to work the street to grade. The defendant contends that the raising of the street was done under this order, and that it was done either as original construction, or as a specific repair under the authority of Pub. Sts. c. 49, while the petitioner contends that the raising of the street was done in repairing the way under Pub. Sts. 52.

The contention is untenable that the work was one of original construction, in other words, a mere completion of the way at a grade established when it was laid out, so that any damages resulting must be deemed to have been occasioned by the laying out of the way. In *Brady* v. *Fall River*, 121 Mass. 262, a street having been laid out in 1870 by an order establishing its grade about a foot higher than that of the street as it was used for travel before it was laid, it was held that work done in 1874 in raising the street to the established grade, under an order of the mayor and aldermen that the superintendent of streets should

cause the street to be worked to grade, should be considered as work of original construction, and that the damages caused by raising the street to grade were included in the damages for the original location.    But in *Cambridge* v. *County Commissioners*, 125 Mass. 529, it was held that when a street laid out with an order establishing the grade at which it was to be constructed was constructed and opened for travel, but not then brought to the grade established in the order of location, if after the lapse of sixteen years the street was raised to that grade, the work done could not be treated as done under the original order of location, and that the original construction and the subsequent repairs were independent proceedings.    In the present case the interval allowed to elapse was twenty-five years, and the work of 1897 cannot be treated as original construction under the order of 1872.

Was the order of the board of aldermen an order for specific repairs within the meaning of Pub. Sts. c. 49 ?    The petitioner requested rulings that it was not such an order; that such an order must be concurred in by the common council, and that when the specific repairs are a change of grade, the order must so specify the change that the abutters can determine the proposed grade from the order itself, with the plans and descriptions filed therewith, and that the defendant could not rely on the order.

The distinction between specific repairs ordered under the authority of Pub. Sts. c. 49, and work done under Pub. Sts. c. 52, was thoroughly discussed, and the history of the legislation stated and many of the decisions reviewed in *Sisson* v. *New Bedford*, 137 Mass. 255.    The matter was again considered at some length in *Sullivan* v. *Fall River*, 144 Mass. 579, and a rule laid down by which to determine under which of the two chapters a change of grade in a city street is made.    If it is made by an authority competent to establish the grade, and the nature and extent of the change are specifically declared in the proceedings, the work is a specific repair under Pub. Sts. c. 49. But if the work is done or ordered by an authority which does not have power to establish the grade, or if done or ordered by such an authority, the order does not specify the nature and extent of the change, and the change is made under an authority

competent to direct the repair of ways so that they may be safe and convenient for travellers, the change is made under `Pub. Sts. c. 52, and the damages are recoverable under that chapter.

In the city of Fall River, the power to establish the grade of a street resides in the mayor and aldermen with the concurrent vote of the common council, and the board of aldermen does not have the power.   St. 1854, c. 257, §§ 8, 14.  St. 1885, c. 269, §§ 12, 19.   Therefore, the orders passed by the board of aldermen on July 2, 1897, were not an order for a specific repair under Pub. Sts. c. 49, and the defendant could not rely upon them as such an order.   That they were not intended as such an order is shown by the absence of any attempt to procure concurrent action on the part of the city council, and the fact that there was no attempt to give notice to abutters or persons interested.   We have no doubt that they were intended by the board of aldermen as an assertion on their part that the city had a right to treat the grade established when the street was laid out in 1872 as the true grade, and to bring the street to that grade as a work of construction under the original layout, as was done in the case of *Brady* v. *Fall River*, 121 Mass. 262.   As we have seen, the interval between the laying out of the way and the order to bring it to the established grade was too great, and the orders of July 2, 1897, cannot be supported on that ground. But the executive power of the city generally resided in the mayor and aldermen; St. 1885, c. 269, § 11; and it was the duty of the city to so repair the street that it should be reasonably safe and convenient for travellers.   Pub. Sts. c. 52, § 1. In the discharge of this duty the mayor and aldermen, under their general powers, could give directions to its superintendent of streets.   For some twenty-five years there had been an adjudication of the city government that the proper grade, fixed largely in view of the safety and convenience of travel, was one much higher than the then actual grade.   Under its general powers the board of mayor and aldermen had competent authority to direct the repair of the street by bringing it to such a grade that it should be reasonably safe and convenient for travel, and in our opinion the orders of July 2, 1897, should be referred to that authority, and be deemed, under the circumstances of this case, an exercise of that authority.   It follows,

that whatever might have been the personal view or the intention of the surveyor of highways, who testified that he did the work of 1897 under the authority of the order of July 2, 1897, and that he did not do it to repair the way, the work was done under an order directing repairs under Pub. Sts. c. 52, and not under Pub. Sts. c. 49.

As in our opinion a verdict should have been ordered for the petitioner, it is not profitable to discuss the separate rulings. The exception to the admission of evidence is not argued. If the case was to be submitted to the jury at all, it should have been submitted more broadly, the true question for decision being under which branch of the statute the work of 1897 was done, rather than with what intention the surveyor of highways acted.                                        *Exceptions sustained.*