CLEMENT COMO *vs.* CITY OF WORCESTER.

Worcester.    October 1, 1900. — February 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

In the assessment under St. 1892, c. 415, § 2, of damages occasioned by the laying out of a street, if the order of location prescribes a grade for the street throughout its entire width, the petitioner is entitled to have his damages assessed on the assumption that the street will be graded in accordance with the order, in spite of the fact that the city has constructed the street through only half of its authorized width, and he is entitled to have it fully graded within a reasonable time.

In the assessment under St. 1892, c. 415, § 2, of damages occasioned by the laying out of a street, if the order of location contains nothing to show that the street is to be graded throughout its entire width, and the city council makes an appropriation contemplating a construction of the street through only half of its authorized width, and such construction is completed and the street opened to travel, and the board of aldermen assess betterments upon abutters under a statute providing that betterments shall not be laid until the work of construction is completed, this constitutes a completion of the street as fully as if the width adopted had been prescribed by the order of location, and damages are to be assessed for the laying out of the street as actually constructed.

PETITION for the assessment of damages occasioned by the laying out of Mill Street in the city of Worcester, filed October 28, 1898, under Pub. Sts. c. 49, § 79, as amended by St. 1892, c. 415, § 2.

The decree by which the land of the petitioner was taken was passed by the city council of the city of Worcester under the authority given by St. 1893, c. 444, § 20.

In the Superior Court the case was sent to referees, who made a report of facts upon which *Maynard*, J. entered a judgment,

and at the request of the respondent reported the case for the consideration of this court.

The report of the referees was as follows:

Mill Street was laid out, located and established as a public street to a width of one hundred and twenty feet and its grades established by decree of the city council, passed November 22 and approved November 24, 1897. [Only a portion of the decree was reported, and this, as stated in the opinion of the court, did not show whether or not the decree prescribed a grade for the street throughout its entire width.]

The following order of the city council was passed May 23 and approved May 27, 1898:

" That the Street Commissioner be and he is hereby authorized and directed, under the direction of the Mayor, to construct Mill Street in accordance with decree of the City Council adopted November 22, 1897; the expense to be charged to the appropriation for street construction. Estimated expense $15,000."

This estimate of $15,000 was based upon making the wrought part of said way sixty feet in width along the centre line of the location of one hundred and twenty feet.

" The respondent had entered upon said way, as laid out by said decree, and had taken possession thereof under the decree for the purpose of the construction thereof, and the street had been constructed and graded to an actual width of sixty feet along the centre line of the location along its entire layout according to the decree, and work thereon had ceased by the city, and the entire appropriation mentioned in said order for construction had been expended and the work of construction to the width of sixty feet had been apparently completed and the way was opened for travel, and the board of aldermen had duly assessed betterments upon the abutters upon said street in accordance with the said decree laying it out." See Pub. Sts. c. 51, § 1.

It was contended by the petitioner that he was entitled to recover damages to the same extent as if the way had been fully wrought to its entire width of one hundred and twenty feet and to the grades established by the decree in accordance with the terms of the decree.

It was contended by the respondent that, the work of construction having been apparently entirely completed, it was lia-

ble for damages only for the way as now completed, and that if the way was actually graded in the future under a new order of construction to its entire width, or any width wider than the sixty feet way, the petitioner or owner at such time would then be entitled to recover whatever actual damages he might then suffer either for specific or general repairs upon the road, or otherwise.

The referees, if the contention of the petitioner as to the rule of damages, as above set forth, was correct, assessed damages for the petitioner in the sum of $1,170.48, with interest from October 14, 1898. If the contention of the respondent as to the rule of damages as above set forth was correct, they assessed damages for the petitioner in the sum of $599.48, with interest from the same date.

Upon the report of the referees, the judge found for the petitioner, and ordered judgment to be entered for the larger sum, namely, $1,170.48 and interest.

If no error was found in his ruling, judgment was to be entered finally upon the verdict. If error was found, judgment was to be entered for the petitioner for the smaller sum found by the referees with interest, or such other disposition made as law and justice might require.

The case was argued at the bar in October, 1900, and afterwards was submitted on briefs to all the justices.

*A. P. Rugg*, for the respondent.

*M. M. Taylor*, for the petitioner.

KNOWLTON, J. A fundamental question in this case is whether the decree laying out the street fixed a grade for the construction of the street throughout its entire width, or whether the grade mentioned was only for a part to be constructed along the centre line, of such reasonable width as the authorities of the city should determine. The report gives us only an extract from the decree, and although it purports to be the material portion, we are not certain that it shows everything bearing upon the question now before us. So far as appears, the decree was silent in regard to the construction of the street, except as it prescribed a grade to which the street was to be wrought along the centre line. The term grade refers to the physical condition of the street when its construction is completed. The

right of county commissioners and city and town authorities to prescribe the grade of a street or highway in connection with the location of it, is conferred by Pub. Sts. c. 49, §§ 9, 80, which authorize them to determine and specify the manner in which the way, location or alteration is to be made. If an order of location prescribes a grade for the street throughout its entire width, the damages are to be assessed upon the assumption that the way will be constructed to that grade from side to side of the location. In setting off benefits to adjacent lands when assessing damages for the taking of lands, it will be assumed that the way will be constructed according to the grade established by the order of location, whether it requires grading throughout the entire location or only for a reasonable width in the middle of it. If the city or town fails to construct the street within a reasonable time according to the established grade, it will be deemed to have abandoned and lost its right so to construct it. Its right is founded upon the order, and is only incident to the execution of the order. *Cambridge* v. *County Commissioners*, 125 Mass. 529. *Sullivan* v. *Fall River*, 144 Mass. 579, 586. *Albro* v. *Fall River*, 175 Mass. 590.

In *Metcalf* v. *Boston*, 158 Mass. 284, it was assumed both by the counsel and the court that abutting owners who are interested in the construction of a street, and whose damages have been assessed upon the assumption that they will receive benefits from the location and construction of the street according to the order, may have a writ of mandamus to compel the construction according to the order. In that case the order of the authorities was, " that the parcel of land before described be and the same hereby is taken and laid out as a public street or way of the said city with the name of Massachusetts Avenue, and the grade thereof is established, according to a plan of the said laying out and profile of the grade," etc. The street was two hundred feet wide and about two miles long, and it was constructed sixty feet wide along the centre line. Except the above statement in regard to the grade, the order was silent as to the construction of the street. It was held that this order did not contemplate a construction of the street or a grading of it throughout the entire width of the location, but only to such a reasonable width as should meet the requirements of the public.

The only question in every such case is, What is the construction contemplated by the order of location ? See *Cambridge* v. *County Commissioners*, 125 Mass. 529, 531 ; *Brady* v. *Fall River*, 121 Mass. 262, 264. In the words of Mr. Justice Colt in *Snow* v. *Provincetown*, 109 Mass. 123, 125, the damages for the original location include " compensation for changes in the surface of the street injurious to the owners, and which were contemplated as necessary in its original construction." When the construction is completed as contemplated by the order of location, or when by failure to take action within a reasonable time the city or town and the abutters have waived their right to have the street graded according to the order, the actual grade then existing becomes the grade by which the future rights of the parties are determined.

In the present case, if there is anything in the decree which calls for a grade throughout the entire width of the street, the mere fact that the city has wrought the street through only half of its width does not affect the petitioner's right to damages. He is entitled to have his damages estimated on the assumption that the street will be graded according to the decree, and he is entitled to have it so graded within a reasonable time.

The city council passed an order directing the construction of the street by the street commission, in accordance with the decree laying it out, but did not particularly direct the mode of construction. This order stated that the estimated expense was $15,000. This estimate contemplated making the wrought part of the way sixty feet in width along the centre line of the location, which was one hundred and twenty feet wide. The street commission completed this construction to a width of sixty feet at the prescribed grade, according to the decree, expending in the work the whole of the $15,000 appropriated for it, and the street was opened for travel. Afterwards the board of aldermen assessed betterments upon abutters in accordance with the decree laying out the street. Under the statute this assessment was not to be laid until the work of construction was completed. Pub. Sts. c. 51, § 1. *Chase* v. *Springfield*, 119 Mass. 556, 563. *Foster* v. *Park Commissioners*, 133 Mass. 321, 327. Unless there is more in the decree than appears in the record now before us, this construction in pursuance of the decree was a completion of

the street laid out, as fully as if the original decree had prescribed construction to the width of sixty feet only; and the damages of the petitioner are to be assessed for the laying out of the street and its construction as it now is. *Metcalf* v. *Boston*, 158 Mass. 284. *Cambridge* v. *County Commissioners*, 125 Mass. 529.

In estimating the damages for the taking of the land, the value of the easement which holds it for a public use for the purpose of a street forever is to be included. The city may use it as a street in any proper. way, without making further compensation, except as statutes provide additional compensation for damages growing out of certain specified changes in the use. *Callender* v. *Marsh*, 1 Pick. 418. The owner of the fee may use the street in any way which is not inconsistent with the paramount right of the public to use it, and this paramount right may include the laying of gas or water pipes, of sewers, of street railway tracks, the setting of posts for the support of electric wires, or any other use of a public nature which is incident to the location and maintenance of the street. *Pierce* v. *Drew*, 136 Mass. 75. *Howe* v. *West End Street Railway*, 167 Mass. 46. For the value of the easement the owner is to be paid when the street is laid out and constructed, except that damages which will be caused to his property from certain changes in the use of it, for which the statutes give compensation when the changes are made, are not to be included. So far as the present case is concerned, if we assume that the construction is complete as contemplated by the original decree, the change to be .considered which may give a right to additional damages, is an increase of the width of the travelled part of the street as a part of general repairs made by the authorities charged with the care of the street, or an increase of the width growing out of specific repairs made under an order by the tribunal authorized to lay out streets. Pub. Sts. c. 52, § 15; c. 49, §§ 15, 16, 68. The sections just cited provide for damages to one who is injured in his property by repairs upon a way, specific or general. These damages relate to property outside of the location; for at the time of the original taking the owner is paid for his property within the location for all uses to which it may at any time be put as a highway or street. He no longer has any property within the location which can be affected by a further appropriation for the purposes of the street. His

only property is what is left for his use after such appropriation of it for a way or street as the authorities at any time choose to make. These statutes look to the possibility that changes in the road, such as raising or lowering it, or widening the wrought part of it, may interfere with his use and enjoyment of his property outside of the location which has been adapted to the way as originally laid out and constructed, and may thus diminish its value. For such damages, caused by changes after the completion of the original construction, of the way he may recover compensation additional to the compensation for laying out and for the original construction.

In the present case the report of the referees shows that the petitioner would be damaged more if the street were wrought to its full width than he is with the wrought part at its present width, but it does not show whether the additional damage would come merely from a deprivation of the use of the land on each side of the wrought part of the way, or wholly or in part from a detriment to the adjacent land, growing out of the work done in constructing the street to its full width. If it is simply from a deprivation of the use of the land, the petitioner would receive no damage from the new construction beyond that, the possibility of which is to be taken into account and paid for now. He is to be compensated for the appropriation of his land to a public use which may at any time require widening of the travelled part of the street without additional compensation, unless damage is thereby done to his adjacent land. In estimating the damages the probable effect of the laying out of the street and the nature and extent of the use of the land likely to be made by the public are to be considered, and compensation is to be made accordingly. We do not think that the rule applied to the taking of water under the provisions of the act referred to in *Howe* v. *Weymouth*, 148 Mass. 605, should be applied to the taking of an easement in land for a street or highway under the Public Statutes. It is probable, however, that in most cases the difference in value between the fee of the land taken and the easement above described would be very little, and often would be inappreciable.

If the difference in damages stated by the referees grows out of the detriment to the petitioner's property outside of the

location, which would come from the working of the street to its full width, the petitioner will be entitled hereafter to receive compensation, if the work is ever done, whether it is done by the authorities in the general repair of the street, or under an order for specific repairs. Damages of this kind should not be awarded now. The distinction between damages to be paid for by reason of general repairs under Pub. Sts. c. 52, § 15, and damages growing out of specific repairs under Pub. Sts. c. 49, §§ 15, 16, 68, has often been pointed out. *Sisson* v. *New Bedford*, 137 Mass. 255, 257. *Sullivan* v. *Fall River*, 144 Mass. 579, 584. *Bigelow* v. *Worcester*, 169 Mass. 390, 392. *Dana* v. *Boston*, 170 Mass. 593. *Albro* v. *Fall River*, 175 Mass. 590. Perhaps this difference is not important in the present case. On the facts reported, if there is nothing in the decree which calls for a continuation of the grade from the centre line to the sides of the street as a part of proper construction under the order, it seems clear that the rule contended for by the petitioner and adopted by the court should not be applied to the present case. It does not appear whether the rule contended for by the respondent can be applied without modification. The report of the referees should be recommitted, that damages may be awarded in accordance with this opinion.

*So ordered.*