TIMOTHY MCCARTHY *vs.* STREET COMMISSIONERS OF THE
CITY OF BOSTON.

Suffolk.   November 18, 1904. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Mandamus.   Way,* Construction of highways.

A petition for a writ of mandamus is the proper remedy to compel a city to pro-
ceed with the construction of a street alleged to have been unreasonably delayed
after having been begun, but the issuing of the writ is a matter of judicial dis-
cretion. It was assumed in this case, without deciding it, that a city also could
be compelled by mandamus to discontinue a street, but here no such situation
was disclosed as required the court to compel the city to proceed with the con-
struction of the street in question or to discontinue it.

MORTON, J.   This is a petition for a writ of mandamus by the
owner of land on Pontiac Street in Boston to compel the mayor,
the board of street commissioners, and the superintendent of
streets to proceed forthwith to construct Pontiac Street or, in
the alternative, to compel its discontinuance.   The case was
heard by a single justice who found the facts, and it comes here
on a report and reservation by him " as to what order shall be
made in the premises."

From the facts found it appears that Pontiac Street was laid
out in November, 1899, in part at least over a private way or
road called McCarthy Place, built by the petitioner at his own
expense to open up his rear land.   The work of construction
was begun and then suspended, and nothing has been done since
November, 1900.   There is no intention of resuming the work
at present, but the construction of the street has not been aban-
doned and it is the intention to construct it at some future time.
It further appears and is so found " that many streets laid out
before, as well as since, Pontiac Street have not been constructed;
that to construct them all would cost at least $700,000 more
than the amounts appropriated for street construction, and would
require borrowing money to an amount exceeding the debt limit;
that in this state of things there has been no attempt to con-
struct all such streets that have been laid out ; that some streets
laid out since this one have been constructed, and that of the

appropriation there still remains more than enough to construct this street unless it be exhausted by the payment of land damages already awarded for other streets and for money required fully to perform other contracts for street construction in existence and partially carried out." And as to that the presiding justice found "that it would be exhausted by the payment of the sums thus required fully to perform contracts and for said land damages (if all are payable), but it would not be so far exhausted as not to leave enough for the construction of this street by the requirement of the contracts simply, and it did not appear what portion of the land damages were yet payable." It is further found that it is the intention to construct other streets, so that no part of the appropriation will be available for or used for this street. There is nothing to show that the use of the petitioner's land or of McCarthy Place has been or is substantially obstructed by the work done or the condition in which the street has been left. The damages caused to the petitioner by the laying out of the street have been assessed under proceedings instituted by him in November, 1900. The expense of constructing the street will be large and the law under which the street was laid out has since been declared unconstitutional so far as relates to betterment assessments so that the city has not had the benefit of the funds which it presumably thus expected to receive.

The respondents concede that, when a way is laid out, the public authorities required by law to build it are bound to construct it within a reasonable time, and they do not contend that mandamus will not lie at the instance of an abutter, in a proper case, to compel the performance of this duty. It seems to have been assumed without question that it would in *Como* v. *Worcester*, 177 Mass. 543, *Metcalf* v. *Mayor & City Council of Boston*, 158 Mass. 284, *Cambridge* v. *County Commissioners*, 125 Mass. 529, and in *Richards* v. *County Commissioners*, 120 Mass. 401, the writ was ordered to issue on the petition of eight inhabitants of the town of Attleborough that the county commissioners be required to construct a street which had been located anew, but which the town had refused to complete under the commissioners' order. It does not appear from the published report of the case whether the petitioners were abutters or not, although it

perhaps may be inferred from the statement in the opinion, that the expense could be assessed upon the petitioners or upon the town or county, that they were.   Although originally a prerogative writ, a petition for a writ of mandamus may now be brought by any one having a private right, for the enforcement of which the law provides no other adequate and effectual remedy, and where there would otherwise be a failure of justice.   See *Selectmen of Gardner* v. *Templeton Street Railway*, 184 Mass. 294, 297. And it has been held by the Supreme Court of the United States in *Union Pacific Railroad* v. *Hall*, 91 U. S. 343, 354 *et seq.*, that it can be sued out by a private person to enforce the performance of a public duty, contrary to a dictum by Chief Justice Shaw in *Wellington, petitioner*, 16 Pick. 87, 105.   In this State the petition for a writ of mandamus has been assimilated by provisions in regard to indorsement, costs and the recovery of damages, to original writs and other processes issuing as of right.   R. L. c. 173, § 39; c. 192, § 5.   In the present case the petitioner has no other adequate and effectual remedy, and unless he can bring a petition for a writ of mandamus there would or might be a failure of justice.   We think that the petition is properly brought by him.   The issuing of the writ, however, is not a matter of right, but of sound judicial discretion. *Murray* v. *Stevens*, 110 Mass. 95.   *Hill* v. *County Commissioners*, 4 Gray, 414.   The ground on which the petitioner asks for the issue of the writ is the delay that has occurred in the construction of the street, the further delay which will take place unless the writ issues, and the loss to which presumably he will be and has been subjected by the delay in not being able to open up and develop his land.   We have been referred to no statute and we know of none which requires streets to be constructed within a stated time after they are laid out.   There is a provision that the laying out shall be void as against the owner unless possession is taken for the purpose of constructing the way within two years after the right to take possession accrues.   R. L. c. 48, § 92. Pub. Sts. c. 49, § 88.   But this does not require the way to be completed within two years, but only that entry shall be made on some part of it within that time for the purpose of constructing it.   That has been done in this case.   In the absence of any statute fixing the time within which a street shall be

constructed after it is laid out and has been begun, the most that an abutter can claim is that it should be built within a reasonable time or abandoned. The question then is whether, taking all of the circumstances into account, it can be said as matter of law that there has been unreasonable delay in building this street, and we are of opinion that it cannot. It is to be presumed that the public authorities have acted and will continue to act in good faith. The delay may be accounted for, in part at least, by the disarrangement in the plans of the authorities which naturally would be caused by having the law under which betterment assessments had been laid declared unconstitutional. There is nothing to show that there is any urgent public necessity for the immediate completion of the street. Its importance as compared with other streets that have been laid out does not appear. Much must necessarily be left to the judgment and discretion of the authorities as to the order in which streets shall be built after they have been laid out, and the time within which they shall be completed after their construction has been begun. Circumstances may arise which could not be foreseen but which must be taken into account. The financial question is or may be an important one. In the present case, it is found that to build all of the streets that have been laid out would cost at least $700,000, or more than the amounts appropriated for street construction, and would require the borrowing of money in excess of the debt limit. It is found also, as already observed, that it is the intention to construct the street at some time in the future. The petitioner has not been and is not substantially obstructed in the use of his land or of McCarthy Place by the work that has been done. His damages for the laying out have been assessed, and for aught that appears the city has paid them or is liable therefor. No such situation is disclosed, it seems to us, as requires that the city should be compelled to proceed with the construction of the street or discontinue it (assuming without deciding that the city could be compelled by mandamus to discontinue a street) and thereby lose all that it has done and all that it has paid or will be obliged to pay. See *Boston Water Power Co.* v. *Mayor & City Council of Boston*, 143 Mass. 546.

*Petition dismissed with costs.*

*W. R. Sears & A. Lincoln*, for the petitioner.

*S. H. Hudson*, for the respondents.