MARY E. SHAUGHNESSY *vs.* CITY OF BROCKTON.

Plymouth.    November 10, 1910. — November 22, 1910.

Présent: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Way*, Public, abandonment of layout.  *Damages*, For property taken or damaged under statutory authority.  *Municipal Corporations*.

A city by an order of its common council in 1883 laid out a public street and established its grades.  Within two years thereafter the street was constructed, but a sidewalk in front of a certain lot abutting thereon was one inch below the established grade at one end and ten inches below at the other end.  Thereafter until 1905 the street was wrought for travel, a street railway was laid thereon, and water, sewer and gas pipes were laid therein, all in conformity with the grades established in 1883 except as to the sidewalk mentioned.  In 1905, the mayor and aldermen passed an order reciting that, "whereas in our opinion public convenience does so require, it is ordered: that the superintendent of streets be . . . directed to complete . . . sidewalks" on the street in question in front of premises which included the lot referred to "and upon the completion of the said work to report to this board a schedule of the cost thereof, in front of the estate of each abutter in said portion of way in front of which the sidewalk is not already completed as aforesaid."  Acting under such order a sidewalk was built in front of the lot mentioned at the level established by the order of 1883, which was above the level of the lot, and the owner of the lot petitioned for an assessment of his damages.  *Held*, that, on the foregoing facts it was not erroneous for a judge, who heard the case without a jury, to find and rule that before the order of 1905 the city had abandoned the mode of construction prescribed in 1883, that the order of 1905 was an original proceeding and that the work done thereunder was not done under the order of 1883, and consequently that the petitioner might recover damges therefor.

PETITION, filed in the Superior Court on June 29, 1907, for the assessment of damages to real estate of the petitioner on North Montello Street in Brockton, caused by the raising of the sidewalk so as to leave the petitioner's land below the level of the sidewalk.

The case was heard by *Harris*, J., without a jury, on an agreed statement of facts which permitted the court to "draw all legal and proper inferences" from the facts agreed upon.

The facts agreed upon were substantially as follows:

North Montello Street, upon which the petitioner's land abuts, was laid out between the south line of Battles Street and Howard Street, a distance of about four thousand feet, under an order adopted by the mayor and aldermen of the city on October 15,

1883, and within two years thereafter was entered upon for the purpose of constructing the street, and the street was built forthwith. Since its construction the street has been wrought for travel, a street railway laid thereon, water, sewer and gas pipes laid therein, all in conformity with the grade established under the order of 1883, and many residences and a factory have been built along the line thereof.

On September 25, 1905, the mayor and aldermen passed the following order: " Whereas in our opinion public convenience does so require, it is Ordered: That the Superintendent of Streets be and he is hereby directed to complete with edgestones the sidewalks on the east and west sides of North Montello Street, between East Battles Street and 'St. Edward's Church,' and upon the completion of the said work to report to this Board a schedule of the cost thereof, in front of the estate of each abutter in said portion of way in front of which the sidewalk is not already completed as aforesaid."

Under the foregoing order, the respondent raised the sidewalk along the entire front of the petitioner's estate, from a height of one inch at the southwest corner thereof to a height of ten inches at the northwest corner, leaving the estate below the level of the street. Edgestones also were placed along the outer edge of the said sidewalk. The portion of the street where such work was done never had been built to the grade called for by the order of 1883. The work brought that part of the street included in the sidewalk up to the grade called for in the order of 1883.

At the time of the layout of the street under the order of 1883, the land was owned by the father of the petitioner, from whom it descended to the petitioner. No damages were awarded to the petitioner's father, and no claim or petition therefor ever was filed by him.

The respondent contended that the damage to the land of the petitioner was done in carrying out the order of 1883, and that the petitioner therefore had no right to damages therefor. The petitioner asked the judge to rule (1) that the defense offered by the respondent was no legal answer to the petitioner's claim; (2) that on the evidence as a matter of law a period of twenty-two years between the layout of the street and the final work thereon, bringing it to the grade originally established, was an

unreasonable delay on the part of the city and amounted to an abandonment of its construction under the original layout, and that any work thereon after such period could not be held to be work under such original layout; (3) that the work in raising the grade of the street in front of the petitioner's estate could not be held to be under the order of 1883; and (4) that the order of 1905 was an original proceeding regulated by statute, and on the facts agreed the petitioner could recover for damages sustained thereunder.

The judge gave all of the rulings asked for by the petitioner, and found for the petitioner in the sum of $250. The respondent alleged exceptions.

The case was submitted on briefs.

*W. G. Rowe*, for the respondent.

*L. E. Chamberlain & E. H. Fletcher*, for the petitioner.

SHELDON, J. Under the agreement of the parties, the only question raised is whether the work done in front of the petitioner's estate was done under the order for the original layout of the street made in 1883 or as an independent proceeding under the order of 1905.

It could not have been ruled as matter of law that the work was done under the original layout. *Cambridge* v. *County Commissioners*, 125 Mass. 529. *Albro* v. *Fall River*, 175 Mass. 590, 592. The agreed facts provided that inferences might be drawn from the facts stated, and the order of 1883 was put in evidence.

The judge certainly was warranted in finding that as to that part of the street on which work was done under the order of 1905 the city had abandoned the mode of construction prescribed in 1883, as was done in *Como* v. *Worcester*, 177 Mass. 543. We cannot say that the rulings made at the trial were not based upon such a finding. If so, they were correct.

Moreover, the order of 1905 does not purport to be an order for the completion of the original construction begun under the layout of 1883. It seems rather to have been made under the provisions of R. L. c. 49, § 42. The clause that the cost of the work in front of the estate of each abutter should be reported to the board of aldermen bears out this view.

We see no error in the rulings made at the trial.

*Exceptions overruled.*