Clara B. Rousseau, et al. vs. Board of Aldermen }M. P. No. 1129.

The Harris & Mowry Co. vs. Board of Aldermen }M. P. No. 1130.

March 5, 1931.

HAHN, J. Petitions for writs of mandamus to compel the Board of Al-

dermen of the City of Woonsocket to appoint three men to appraise damages under the statute relative to the change of grade of a highway (General Laws 1923, Chap. 96, Sec. 31).

In 1874 a paper grade for High Street was adopted by the Town Council of Woonsocket. In 1922 the city brought the street to grade.

Petitioners claim that the paper grade of 1874 became obsolete and abandoned after a reasonable time, that a different grade was established by user, and by certain votes of the Aldermen and City Council and the acts of public officials. Hence, that the bringing of the street to the grade of 1874 was actually a change of grade —for which they should be compensated.

Petitioners introduced evidence to show that one or two parties requested the city to bring the street to grade, but that the city failed to act at the time. It is hardly obligatory upon a city to work a street to grade upon request. Municipal improvements must go forward upon some general plan, and it may well be advisable to fix a grade long before its actual development may be warranted. The primary purpose of a street is a passageway not only for abutting owners but the public generally, and however, desirable it may be from an abutter's standpoint that a particular street should be a fully developed highway, a city can not be expected to undertake the expense of development or improvement until the use of the street promises to warrant it. Convenience must balance expense.

"Will the increased convenience to the public warrant the expenditure necessary to furnish that convenience?"

*Hunter* vs. *The Mayor & Aldermen of Newport*, 5 R. I. 325.

The principal question is, then, whether once a grade has been fixed can it be lost or abandoned by not be-

ing put into actual effect. Respondents claim that as the statute fixes the way in which a grade may be changed, it can be changed in no other way nor lost by non-user, etc.

In *Knowles* vs. *Knowles*, 25 R. I. 325, the Court held that a highway having been established, it could not be abandoned except in the manner provided by law, nor lost by non-user. The highway was laid out in 1784, but no roadway was ever built there, and defendant claimed he and his predecessors had cultivated the soil and used it for a pasture for fifty years or more. The Court concluded, nevertheless, that the highway as laid out by the committee of the General Assembly, and as shown on their plat, was still a public way.

It does not appear, therefore, where a statute calls for affirmative action relative to surrender, change or abandonment of a right, that the right can be lost through failure to act or by implied abandonment, even over a substantial number of years.

The facts and the decision in the following case are in point.

"Where street grades were established in 1878, and made of record and never changed, and improvements by pavement were made in 1904 on the grades established, the fact that the city between 1878 and 1904 permitted the use of the streets in their natural condition and improved the same by minor temporary repairs until 1904, does not show a change of grade or adoption of the natural condition as the grades of the street."

*Jones* vs. *Gillis*, 75 Wash. 688.

Even in statutes where abandonment by implication is recognized the Courts hesitate to apply it. In the following case a grade was established in 1893 but the street was not brought to that grade until fifteen or sixteen years later.

"Counsel for respondents, however,

ask—and the question is pertinent—whether the city may establish a grade, and may then indefinitely refrain from making the streets conform thereto. While the question does not admit of a categorical answer, yet, it may be said that the city, after having established a grade, may abandon the same either expressly or by implication. If it does abandon such grade, then the matter stands as though no grade had been established, and the abutting owner may assume that the city elects to stand by the natural surface grade in case the street has been opened and is used for travel. Whether a city has abandoned an established grade or not is, however, not purely a question of law, but it is one, ordinarily at least, of mixed law and fact. Where the owner seeks to recover upon the theory that a grade which was established, but not carried into effect, has been abandoned by the city, he should plead and prove the fact, and, if it be found that the grade was abandoned by the city, the case should be tried and determined accordingly. There is neither allegation nor proof in this case that the city had abandoned the grade it had established in 1893 for First West Street. Indeed, the proof in this case is conclusive that the city had not done so. As pointed out in some of the cases to which we have referred, the city cannot be required to carry into effect its established grades upon all the streets, or upon the whole of any one street, in any particular time. * * * A certain portion of a city, or of a street, may therefore develop and improve more slowly than other portions, and hence the making of permanent improvements in the streets by way of grading or paving them may be deferred for a long time, and yet the grade as originally established may not be abandoned,

but remain in full force and effect, so that those who may desire to improve their property may safely do so by making their improvements conform to the established grade. This is but fair and reasonable, and works no serious hardship upon any one. Suppose in the case at bar the original owner of the property in question had in 1904 made the lot and the improvements placed thereon conform to the grade of 1893, and the city thereafter had departed from that grade to the detriment of his property; then counsel for respondents would no doubt be here claiming that the city had no right to change the established grade to the detriment of the abutting owner without his consent, and, having done so, it must respond in damages to the extent of the injury inflicted. Such a claim under the supposed circumstances would be good. But the mere fact that it would be so also shows that the claim in the case at bar, as a matter of justice, is not well founded, since it rests upon the theory that the established grade of 1893 had no binding force or effect upon the abutting owner."

*Gray* vs. *Salt Lake City*, 44 Utah 203, 216.

Counsel for petitioners cite a number of Massachusetts cases in which failure to complete a street to grade for a long time is held to be an abandonment of such grade. But the rule appears to be based upon the particular statutes of that state.

"The right of county commissioners and city and town authorities to prescribe the grade of a street or highway in connection with the location of it, is conferred by Pub. Sts. c. 49, secs. 9, 80, which authorize them to determine and specify the manner in which the way, location or alteration is to be made * * * If the city or town fails to construct the street within a reasonable time

according to the established grade, it will be deemed to have abandoned and lost its right so to construct it. Its right is founded upon the order, and is only incident to the execution of the order. *Cambridge* vs. *County Commissioners*, 125 Mass. 529. *Sullivan* vs. *Fall River*, 144 Mass. 579, 586. *Albro* vs. *Fall River*, 175 Mass. 590."

*Como* vs. *Worcester*, 177 Mass. 143, 146.

A public way may also be discontinued or abandoned, in Massachusetts, by non-user (*Holt* vs. *Sargent*, 15 Gray 97) In Rhode Island it can not (*Knowles* vs. *Knowles*, *supra*). If the Massachusetts rule works the less hardship and may be deemed the better policy, it is a matter for statutory enactment not judicial decision.

"The plaintiff makes the further point that the provision of the statute is unreasonable in point of time. This is a question affecting the policy of the law with which we have nothing to do. Such an argument must be addressed to the legislature, and not to the court."

*Burdick* vs. *Coates*, 22 R. I. 410, 413.

The petition is denied and dismissed.

For petitioners: James H. Rickard.

For respondents: Ovila Lambert, City Solicitor.