# CHIPMAN v. DISTRICT COURT OF FOURTH JUDICIAL DISTRICT et al.

No. 2562. Decided February 7, 1914 (138 Pac. 1194).

CRIMINAL LAW—SUMMARY CONVICTION—APPEAL—RECORD—SERVICE OF
NOTICE. Where the record sent up on appeal from a conviction
before a justice of the peace did not contain proof of service
of the notice of appeal on the county-attorney, accused could
prove the fact of due service by affidavit in the justice's court
and have the proof transmitted to the district court as an
additional record, and was not limited to proof by indorsement
of acceptance of service by the county attorney on the original
notice.

Original application for *mandamus* by Fon Chipman against the District Court of the Fourth Judicial District of the State of Utah, *Hon. A. B. Morgan* Judge, to compel the reinstatement of a dismissed appeal from a conviction before a justice of the peace.

WRIT ISSUED.

*C. M. Beck* and *Geo. B. Hancock* for plaintiff.

*Grant C. Bagley* and *J. H. McDonald* for defendant.

STRAUP, J.

On plaintiff's application we granted an alternative writ of mandate directing the judge of the Fourth judicial district to reinstate a case dismissed by him, or to show cause. Upon service of the writ, the judge answered and attempted to justify the dismissal.

The plaintiff, on the 5th of June, 1913, in a justice court, on a criminal charge was convicted in a case wherein he was the defendant and the State of Utah the plaintiff, and on the 7th of June was adjudged to pay a fine of $299. From that judgment he prosecuted an appeal to the district court. On that day he filed a proper notice of appeal in due form with the justice. A copy thereof was delivered to the sheriff of the county for service on the county attorney; the attorney representing the state. The sheriff delivered the copy to the county attorney on the 10th of June. On the 7th the defendant filed with the justice an undertaking on appeal, which was approved by the justice. The justice, at the request of the county attorney, transmitted a transcript of the record to the district court. The case was docketed in the district court and placed on the calendar, and the defendant ordered to appear for arraignment on the 2d of July. Before he was arraigned, he, on that day, served on the county attorney a new notice of appeal in due form, service of which was accepted by the county attorney, and filed it in the district court. The defendant was thereupon arraigned on that day and entered his plea of not guilty. The case was set for trial on the 9th of July. On the 8th the county attorney moved a dismissal of the appeal on the grounds that the notice of appeal was not served on the county attorney "as required by law;" that the transcript of the record transmitted to the district court did not show that the first or any

notice was served on the county attorney; that the second notice was uncertain and ambiguous; and that no undertaking on appeal was filed when the second notice was served and filed. No claim is made that a proper undertaking was not filed when the first notice was filed and served. The defendant asked time to make a record in the justice court showing that the first notice was in fact served on the county attorney, and leave to have such additional record transmitted to the district court. That was granted. He thereupon, by affidavits filed in the justice court, showed that the county attorney was served by the sheriff with the first notice on the 10th of June. The justice transmitted such additional record and proof of the district court on the 14th of July. The defendant also made it appear in the justice court that the county attorney was served with a notice of appeal on the 2d of July, and had such record and proof also transmitted to the district court. A hearing on the motion was set for the 15th of July. The motion was partly heard on that day and continued from time to time until the 6th of October, when it was further heard and then granted, and the appeal dismissed, on the grounds stated in the motion.

The statute gave the defendant the right of an appeal from the justice court to the district court "at any time within thirty days from the time of the rendition of the judgment." The statute further provides that the "notice of appeal shall be filed with the justice and a copy thereof shall be served on the county attorney." A proper notice of appeal, in due form, was filed with the justice on the same day the judgment was rendered. A copy thereof was served on the county attorney three days thereafter. The record, as first transmitted to the district court, did not show service of the notice on the county attorney. The defendant, however, made proof in the justice court that the notice was in fact served on the county attorney by the sheriff on the 10th of June, three days after the rendition of the judgment, and caused such proof and additional record to be transmitted to the district court. Nowhere is the fact disputed that the county attorney was so served. He but in effect asserted: "Show

my indorsement of acceptance of service on the original notice." The district court, looking at the notice, finding no such indorsement, and wholly disregarding the proof of service as made by the defendant in the justice court and transmitted to the district court, dismissed the appeal. That is all there is to this matter. Of course the court could not legally deprive the right of an appeal in any such manner as that. The dismissal was wholly unauthorized.

Let a permanent writ issue directing the court below forthwith to vacate the order dismissing the appeal, to reinstate the case, set it for trial, and hear it on the merits. Such is the order. No costs.

McCARTY, C. J., and FRICK, J., concur.