LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Plaintiff in Error v. E. A. JACKSON, Defendant in Error.

Middle Section. April 9, 1926.

Certiorari denied by Supreme Court, December 11, 1926.

1. **Commerce.** **Section foreman working on a roadbed of railroad held engaged in interstate commerce.**

Where the plaintiff was engaged in repairing a railroad track used in interstate transportation, held that the track being necessary to interstate commerce, the plaintiff was therefore engaged in interstate commerce.

2. Courts. Jurisdiction. Under the Federal Employers' Liability Act a case arising under the act and brought in the state court cannot be removed to the United States Court.

Where the plaintiff was engaged in working on the roadbed of an interstate railroad company he was therefore engaged in interstate commerce and it was not error .for the trial judge to overrule the petition for removal to the United States Court.

3. Pleading. Petition held to bring case within the provisions of the Federal Employers' Liability Act.

Petition alleging that plaintiff's injuries were caused by the negligence of defendant, held to properly state a case within the provisions of the Federal Employers' Liability Act.

4. Statutes. Federal Employers' Liability Act does not limit liability to cases of violation of statutes.

The act does not limit the liability to cases of violation of a statute enacted for the safety of employees. It is true that it does not preclude the defense that the plaintiff, an employee, assumed the risk of his employment except in any case where the violation by the common carrier of any statute enacted for the safety of the employee contributed to the injuries of the employee.

5. Pleading. Negligence. It is not necessary to aver in the declaration the assumption of risk.

In an action to recover for injuries sustained while working for a railroad it is not necessary to aver in the declaration that the plaintiff did not assume the risk of danger from the injuries complained of.

6. Master and servant. There is no assumption of risk of an unknown danger.

A railway employee does not assume the risk arising from unknown defects in engines, machinery or appliances.

7. Evidence. Negligence. It is presumed that the employer did his duty in providing his employees with suitable instrumentalities.

As between employer and employee there is no presumption of negligence on the part of the employer in furnishing appliances to the employee arising from the injury itself. It is presumed that the employer did his duty, by providing suitable instrumentalities for his business, and in keeping them in good condition, and the burden rests on the employee as plaintiff, to show negligence on the part of the employer.

8. Evidence. Negligence. Where there might have been a cause of plaintiff's injuries other than defendant's negligence there is no case for the jury.

Where the evidence left the matter in doubt and shows that the injuries might have been due to causes other than the one for which the employer would be responsible, held the question is then one for conjecture and the jury cannot determine whether or not the employer is liable. It is one of the many cases in which the plaintiff fails in his testimony and it is the duty of the court to direct a verdict.

9. Negligence. Evidence. Evidence held not sufficient to go to the jury.

In an action to recover for injuries sustained from being hit by a board while unloading a car of ballast where the evidence did not show that the board had been put in the car through the negligence of defendant, but might have been put in by a third party held the court erred in refusing to direct a verdict for the defendant.

10. Trial. Instructions. Omission to charge is not reversible error.

A mere omission in the charge of the trial judge is not reversible error where no request for proper and accurate instruction was made.

11. **Damages. A defendant is not liable for damages which are not reasonably expected.**
A defendant is liable for not only the immediate injuries resulting from its wrongful acts but for any consequential injuries that are liable to result, but it is not liable for injuries which cannot be reasonably expected to occur.

Appeal in Error from Circuit Court, Williamson County; Hon. J. C. Hobbs, Judge.

Reversed and dismissed.

R. H. Crockett, Thomas P. Henderson, of Franklin, and John B. Keeble, of Nashville, for plaintiff in error.

Tyler Berry, Wallace J. Smith, of Franklin, for defendant in error.

DeWITT, J.  On October 20, 1922, the plaintiff below, E. A. Jackson, was injured while a car of ballast was being unloaded on the track of the defendant Railroad Company, just south of Franklin, in Williamson county. The plaintiff was a section foreman in the employment of the Company and had been in its employment since the year 1879. The car was known as a Rodgers ballast car and in the process of unloading, a piece of plank struck the plaintiff on the head, inflicting a serious injury. He brought this action in the circuit court of Williamson county under the Federal Employer's Liability Act to recover damages for such injury, basing it upon carelessness in the operation of the train of which the car was a part; upon defective condition of the car and upon the improper placing of the plank or piece of timber in the car. In the trial court he recovered a verdict and judgment for $6,250. Motion for a new trial was made and overruled and the defendant has appealed and assigned errors. The assignments of error will be herein discussed and disposed of.

The Railroad Company, by petition, sought to remove the cause to the United States District Court, but this was denied by the trial judge. The question thus involved depended on the engagement or non-engagement in interstate commerce on the part of the plaintiff at the time he received his injury. The declaration, which was filed before action was had on the petition, showed that the defendant, Railroad Company, operates a commercial railroad engaged in interstate commerce and that the plaintiff, when injured, was engaged as a foreman in the construction, maintenance and supervision of a part of the track and roadbed in said system of interstate railroad operation leading from the city of Nashville, in Tennessee, to Decatur, in the State of Alabama. The evidence abundantly shows this to be true. The plaintiff was engaged in repairing a railway track used in interstate transportation. It is an instrumentality which necessarily is permanently devoted and

assigned to interstate transportation, and hence, the work of repairing such an instrumentality constituted an employment under Federal control.   Pedersen v. Delaware L. & W. R. Co., 229 U. S., 146, 33 S. Ct., 648; 57 L. Ed., 1125; Ann. Cas., 1914C, 153; Prince v. N. C. & St. L. Rwy., 152 Tenn., 189, 274 S. W., 13.

In Holmberg v. Lake Shore & M. S. Ry. Co., 188 Mich., 605, 155 N. W., 504, it was held that employees engaged in assisting in moving ballast to be used in repairing an interstate track or placing it thereon, are in the terms of the Federal Employers' Act.   It is clear that there was an immediate connection between interstate commerce and the act or duty in course of performance at the time the injury occurred; that the plaintiff was so directly and immediately connected with such business as substantially to form a part or a necessary incident thereof.

By the principle adopted in the Pedersen case, supra, to determine employment in interstate commerce, all laborers in the United States repairing or working upon highways of interstate commerce by rail, including bridges, switches, trestles, tracks and roadbeds, become immune from the dominion of State laws in so far as their statutory rights for injuries are concerned.   Roberts on Federal Liability of Carriers sec. 470.

It is sufficient, upon this question, for plaintiff to aver in his declaration in an action under the Federal Act, that the injury complained of was caused by the Railway Company while it was engaged in carrying on interstate commerce and while the plaintiff was employed by it in such commerce.   Grand Trunk Railroad Co. v. Lindsay, 233 U. S., 432, 52 Law Ed., 838.

The plaintiff being so engaged in Interstate Commerce, it was not error for the trial judge to overrule the petition for removal to the United States Court as the Federal Employers' Liability Act provides that no case arising under said Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

After the motion for a new trial had been overruled, the defendant moved in arrest of judgment on various grounds, summarized in the averment that the declaration and the matters therein contained are not sufficient in law to maintain this action.   We will deal with these contentions in the terms in which they are set forth. In the first count of the declaration it is averred that the injuries of the plaintiff were caused by and were the direct result of the negligence of the defendant; in the second count, that they were caused by the carelessness of the defendant in the operation of its train; in the third count, that the injuries were occasioned by the negligence of the defendant.

In the first count it was averred that plaintiff, while in the exercise of the proper care and caution for his own safety, was struck a violent blow upon his head by a piece of timber, wooden beam or plank which had been placed in one of the cars of said train in such a way as to render the operation of said car dangerous to the life, limb and safety of the plaintiff; that said danger was unknown to said plaintiff and could not by the use of care and foresight have been known to him under the circumstances. In the second count, it was averred that the timber had been placed in the car in such a way as to become loose and that with the motion of the train, it fell through the bottom of the car, came in contact with the crossties and roadbed and because of the rapid movement of the train, it was broken into pieces and a part of it hurled against the plaintiff. In the third count it was averred that plaintiff was injured by reason of the operation of a defective freight car; that certain timbers, or pieces of wood, which had been improperly placed in said car worked through the bottom of the car which was defective and badly out of repair, and coming in contact with the roadbed were broken into pieces and parts were hurled by the rapid movement of the train upon and against the plaintiff.

The averments brought the case within the provisions of the Federal Employers' Liability Act, which are as follows:

"That every common carrier by railroad while engaged in commerce between any of the several states or territories, or between any of the states and territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery track, roadbed, works, boats, wharves, or other equipment."

The Act does not limit the liability to cases of violation of a statute enacted for the safety of employees, as apparently insisted by the plaintiff in error. It is true that it does not preclude the defense that the plaintiff, an employee, assumed the risk of his employment except in any case where the violation by the common carrier of any statute enacted for the safety of the employee contributed to the injury or death of the employee. Southern Railway v. Crockett, 234 U. S., 725, 58 Law Ed., 1564.

It is not necessary to aver in the declaration that the plaintiff did not assume the risk of danger from the injury complained of, nor is it necessary to aver knowledge on the part of the defendant, or its agents, and employees, that such a state of facts, conditions and circumstances existed as to make the injuries complained of probable; nor that such conditions and circumstances existed from

which defendant would or could have anticipated or expected that the injuries complained of would result therefrom. We are unable to see that the declaration affirmatively shows, as is contended, that the injury resulted directly from risks which the plaintiff assumed when he undertook the employment in which he was engaged. It is not averred that the plaintiff knew of the alleged defect or could anticipate it, or that it was an ordinary incident of the operation of such cars, or that the alleged defect was an ordinary condition thereof. We are dealing with a question of pleading. It is not essential that a declaration in an action seeking recovery for the negligence of the defendant, should negative negligence or fault on the part of the plaintiff. Railroad v. Davis, 104 Tenn., 442; Chattanooga Rapid Transit Co. v. Walton, 105 Tenn., 415.

It being unnecessary to negative contributory negligence in a declaration, upon the same principle, it is not necessary to negative assumption of the risk. In the declaration before us, negligence, consisting of maintaining and operating a defective car, in a negligent manner, was averred. The defense of assumption of the risk, like that of contributory negligence, is affirmative in character. The burden of proof that an employee assumed the risk is upon the defendant in an action under the Federal Employers' Liability Act notwithstanding any rule to the contrary in the state in a court of which the action is brought. Kanawha, etc., R. Co. v. Kerse, 239 U. S., 576, 60 L. Ed., 448; 39 C. J., 1000, and other cases there cited. We are therefore, of the opinion that this declaration sets forth a cause of action; that it fulfills the statutory requirements that it convey a reasonable certainty of meaning and show by a fair and natural construction a substantial cause of action. Shan. Ann. Code, sec. 5605.

Assignments of error nos. 3, 4, 5 and 6 pertain to the facts, whether showing actionable negligence or not. In determining whether or not there is evidence to support the verdict, or the motion for directed verdict for defendant should have been sustained, we must take the strongest view of the evidence in support of the verdict.

The plaintiff, a foreman of a section crew, had been engaged for many years in the character of work in which he was engaged when injured. He was standing about seven feet from the ballast car while the train was being slowly moved and the car was gradually being opened by the use of a ratchet or windlass, letting out the ballast at the bottom and spreading it on the track. The plank came through with the ballast, was broken, was subjected to some sort of strain, and when suddenly released flew out to the side and struck the plaintiff in the head. The car was constructed as an ordinary coal car from outward appearance. The sides were ar-

ranged so as to farm a V shape for about two-thirds of the entire length of the car, the angle of the V being at the bottom and running lengthwise. The bottom was constructed with one side stationary and immovable, the other side being a hinged door, held in places by hinges at the top and chains at the bottom, being operated by the ratchet at the end of the car on which the chain winds, as the door opens just like an ordinary folding door. Ordinarily the trap door in the bottom closes tight so as to hold the smallest stone, and even sand; but after constant use it often becomes necessary to place pieces of plank, flat stone or other material in the car so as to break the joint and prevent the ballast from shifting and leaking through before it is ready to be unloaded. This action is based upon the theory that this car was defective in that it contained a hole in the bottom and the ratchet did not work effectively. The plaintiff admitted that he had had experience with such cars, knew that many times they were out of order, but he did not know that this car had any planks in it or was defective. He had not inspected the car. If the Rodgers ballast car is in proper working order there is no necessity for it to be reinforced with plank or timber. The train contained several other cars loaded with ballast, which were being unloaded upon the track. No timbers or planks came out of any of these other cars. The plaintiff testified that it was rare that ballast cars would contain such substance.

It is in evidence that when such cars are in proper condition the use of planks or timbers is unnecessary. The condition complained of was a common or ordinary condition, and therefore, did not involve an ordinary risk. The question of the assumption of the risk by a servant who has sustained injuries, the facts being controverted or different inferences being deducible therefrom, is a question which should be submitted to the jury under proper instructions from the court. LaFollette Coal, Iron & Railroad Co. v. Minton, 117 Tenn., 415; 39 C. J., 1179.

This is not a case where the evidence is harmonious and consistent on this question and the circumstances permit of but one conclusion. There is substantial evidence that if there was a defect in this car it was unknown to the plaintiff. A railway employee does not assume the risk arising from unknown defects in engines, machinery or appliances. C V. Railway Co. v. White, 238 U. S., 510, 59 L. Ed., 1433; Iron Co. v. Pace, 101 Tenn., 476, 48 S. W., 232.

Being ignorant of any defects in this car, and being engaged in the performance of his duty when the injury was incurred, the plaintiff had the right to assume that the appliances attached to the car and the car itself were in proper condition and that he was in a place of safety. Freeman v. Railroad, 117 Tenn., 347. We must consider the alleged defect as a defect not discoverable by plaintiff in

the discharge of his duties at that time. This question was properly submitted to the jury and there is evidence to support its conclusion that the plaintiff did not assume the risk.

There is no evidence that the car was inspected after the casualty, nor immediately before. The Railroad Company was the owner of the car and had furnished it to the Franklin Lime Stone Company from which the ballast was purchased. The car was loaded with ballast at Whitehead, near Lewisburg, Tennessee, in the adjoining county. The superintendent of the Franklin Lime Stone Company testified that this car was loaded with ballast a number of times between October 4, 1922, and November 7, 1922, and that his records did not show any complaint nor indicate that the car was not in good condition; that in the course of his business, if it had been defective, complaint would have been made at his office and no complaint was made.

As between employer and employee, there is no presumption of negligence on the part of the employer in furnishing appliances to the employee arising from the injury itself. It is presumed that the employer did his duty, by providing suitable instrumentalities for his business, and in keeping them in good condition; and the burden rests on the employee as plaintiff to show negligence on the part of the employer. This involves proof of something more than the mere defect in the machinery. It imposes upon the plaintiff the burden of showing that the employer had notice of the defect, or, in the exercise of that ordinary care which he is bound to observe, he would have know it. Railroad v. Lindamood, 111 Tenn., 457; Railroad v. Stewart, 13 Lea, 431. The cases in which proof of the injury and that it was caused by the defendant will entitle the plaintiff to recover in the absence of countervailing testimony, are cases in which the evidence that established the injury established also facts and circumstances from which negligence may be fairly implied. Railroad v. Stewart, supra. The rule, res ipsa loquitur, does not apply to this case. A suit in a state court under the Federal Employers' Liability Act is governed by the rule of the Federal courts that the negligence of the defendant is an affirmative fact which plaintiff must establish, and not by any local law. N O. and N. E. R. R. Co. v. Harris, 247 U. S., 371, 62 L. Ed., 1171; Seaboard Air Line R. Co. v. Horton, 233 U. S., 492, 58 L. Ed., 1062; Sou. Rwy. v. Gray, 241 U. S., 333, 60 L. Ed., 1030; N. Y. C. R. Co. v. Winfield, 244 U. S., 147, 61 L. Ed., 1045, L. R. A., 1918C, 439, Ann. Cas., 1917D., 1139.

The negligence alleged is the use and operation of a car defective in that the trap door could not be tightly closed so that it was necessary to place a plank over the aperture.

There is no direct evidence that the car was thus defective. The conductor of the train made a report to the Railroad Company, in which he declared that a timber was placed in the bottom of the car to prevent ballast from leaking out; that there was a hole in the bottom of the car, that is the doors would not wind up tight. But he did not examine this car. He did not testify that the statements made in his report were true. His report was admittedly based on information furnished to him by the plaintiff. The report itself is not evidence. It is based upon hearsay. It is not an admission binding upon the defendant. Dinwiddie v. Railroad, 9 Lea, 309; Travis v. R. R. Co., 9 Lea, 231. The plaintiff did not inspect the car and did not testify that it was defective. There is evidence that ballast cars frequently get in such condition so that the planks are used to close up the small apertures between the doors; that planks are put in such cars because they are defective, to keep them from wasting ballast; that there is no necessity for the use of such a plank if the doors come together closely; that if they did not so come together closely, the car would be out of repair and then the use of a rock or plank would be necessary. On the other hand, it does not appear that planks are never found in such cars except when placed therein to remedy such defects.

The fact that such defects often occur in such cars is not material evidence of a defect in the car in question. If a plank were never placed in a ballast car except to remedy a defect, the inference might be that there was a defect in a car of ballast containing a plank. But here the presence of the plank might be accounted for in two other ways. It might have been put in the car through the negligence of the Quarry Company, or it might have been put there by a stranger, and through the negligence of the Quarry Company, not discovered. Thus, there are in theory three causes of the presence of the plank in the car. In ruling upon the motion for a new trial, the circuit judge employed what was obviously the reasoning of the jury. It was assumed first, that the timber was put in by the loaders of the car for a purpose; second, that the only purpose for which it could have been properly put in, would be to remedy a defective condition; therefore, the car was defective. In other words, if the car were in good condition there would be no use for any kind of filling at the bottom; there being a plank in the bottom it must have been put in because of a defect. This involves a presumption that the timber was put in for a purpose. This in itself excludes both of the other theories as to its presence there. Upon this is based the inference that the purpose was to remedy a defective condition; and upon this the inference that the car was defective and the further inference that the defect was the proximate cause of the injury. The mode of arriving at a

conclusion of fact by drawing inferences, or by resting one presumption upon the basis of another presumption, is generally, if not universally, inadmissible. When a conclusion can be reached only by piling inference upon inference or inference upon presumption the premises are uncertain and the conclusion is not reliable. This rule is thoroughly settled in a line of cases in Tennessee, notably the well-known case of Railroad v. Lindamood, 111 Tenn. 457. It was also applied in DeGlopper v. Railway & Light Co., 123 Tenn., 633; and Buckeye Cotton Oil Co. v. Campagna, 146 Tenn., 339. Under this rule there must be an open and visible connection between the fact out of which the presumption arises and the fact sought to be established by the dependent presumption. A decision cannot be made on remote inferences. We cannot take the mere presence of the plank in the car as proof that there was a defect in this car.

An injured employee cannot rightfully insist upon having his case submitted to the jury on the theory of circumstantial evidence, unless and until he has proven with some degree of certainty that the agency, or instrumentality which did the injury was, or should have been, under the control of his employer. If the employee has failed to show what was the harm-inflicting agency in a case where he relies upon inferential negligence as a matter of fact, or if the proof points with equal positiveness to several instrumentalities, some of which are beyond the control or sphere of duty of the employer, a peremptory instruction should be given. Pryor v. Railway Co., 2 Tenn. C. C. A., 198. Where the evidence leaves the matter in doubt and shows that the injury might have been due to causes other than the one for which the employer would be responsible, the question is then one for conjecture and the jury cannot determine whether or not the employer is liable. Patton v. Texas & Pac. Railroad Co., 179 U. S., 658, 45 L. Ed., 361; Hart v. Union City, 107 Tenn., 294; Baird Ward Printing Co. v. Fleming, 137 Tenn., 347; Railroad Co. v. Lindamood; DeGlopper v. Rwy. Co.; Oil Co. v. Campagna, supra.

In Patton v. T. & P. Railroad Co., supra, it was said:

"If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony; and no mere sympathy for the unfortunate victim of the accident will justify any departure from settled rules of proof resting on all plaintiffs."

In Noble v. C. Crane & Co., 169 Fed. Rep., 59, it was said:

"It is the duty of the court to direct a verdict unless the conflict is positive. The conflict must be real not merely apparent. The mere dogmatic assertion, which does not appeal to the reason of the court, which does not have substance and relevant consequence,

which does not have fitness to induce conviction is not proof, even if uncontradicted, and does not interfere with the duty of the court to direct a verdict.''

While the rule thus stated may not have been adopted in Tennessee in such positive terms, it is in our opinion quite applicable to this case. It is the duty of the judge to direct a verdict in favor of one of the parties when the testimony and all the inferences which the jury could justifiably draw therefrom would be insufficient to support a different finding. B. & O. Railroad Co. v. Groeger, 266 U. S., 522, 69 L. Ed., 419.

We are of the opinion that there is no material evidence to sustain the verdict and under the presumption that the plaintiff has made out the strongest case that he can present, we hold that the motion for peremptory instruction should have been granted. In view of this conclusion it is not necessary to notice certain other assignments of error, particularly those alleging the excessiveness of the verdict, and challenging the right to recover for a second injury alleged to have causal connection with the first injury. But, assuming to the contrary, that the evidence was sufficient to take the case to the jury, we will dispose of certain other assignments of error.

It is insisted that the court erred in first excluding certain testimony tending to establish knowledge in the plaintiff of dangers incident to his employment, that is, of the fact that pieces of timber were oftentimes found with the ballast and crushed stone and were thrown out in unloading, and after all the evidence had been introduced, and motion for directed verdict had been overruled, by general order, without specifying the testimony, readmitting the same. This testimony was at first excluded but finally the trial judge instructed the jury that he reversed his action excluding all testimony tending to show such custom of the defendant, and that such testimony might be considered for whatever it was worth along with other testimony in the case. While this instruction was meager, it is evident that the jury must have fully understood what testimony was referred to, for it had not only been given at much length, but an extensive argument had been held over its admissibility in the presence of the jury. We cannot see that the failure of the trial judge to be more explicit in his instruction was manifestly prejudicial to the defendant.

It is further insisted that the court erred in excluding certain testimony of plaintiff's wife as to when plaintiff was able to go to work after the injury, and relating statements made by the plaintiff; and then saying when counsel for plaintiff insisted that the witness be allowed to state that her husband was able to go back to work, ''that would be one way of complaining.'' It is insisted that

the rulings are so confused and conflicting that the jury could not know whether the objection was sustained or overruled. While it is not easy to understand just what was meant by the statements related, we do not see that this testimony and the action thereon, materially affected the verdict.

Certain assignments are predicated upon the alleged failure of the trial judge in his charge to define the negligent acts for which the defendant would be liable and to explain that where the result is such that no reasonable man would expect the injury to occur, and no knowledge is shown in the defendant or its agents that such a state of things or conditions existed as to make the damages probable, that the defendant would not be liable. A mere omission in the charge of the trial judge is not reversible error where no request for proper and accurate instructions was made; but it is futher insisted that the trial judge erred in refusing to charge the jury upon request as follows:

"I charge you that the defendant is liable not only for the injuries which immediately resulted from its wrongful and negligent acts, but for such consequential injuries, occurring to the common experience of men, as are liable to result. But on the other hand, where the result is such that no reasonable man would expect it to occur, and no knowledge is shown in the defendant or its authorized agents acting for it, charged with doing the negligent or wrongful act, that such a state of things or conditions existed as to make the alleged damages probable, the rule is that the defendant is not liable; and if you so find the facts, your verdict will be for the defendant."

The instruction so requested was based upon the rule set forth in Chattanooga Light & Power Co. v. Hodges, 109 Tenn., 339. The instruction so requested was sound and applicable to the facts in this case. A careful examination of the charge as given fails to disclose any instruction embodying this doctrine of unanticipated danger or injury. We think that the defendant was entitled to have this instruction given to the jury and that the failure so to instruct the jury was reversible error.

It is further insisted that the trial judge erroneously charged the jury as to the burden being upon the defendant, Railroad Company, to show that inspections were made according to the proper standard. The trial judge submitted to the jury the question of defect in the car, and instructed them that it was the duty of the defendant to use activity and diligence in keeping its machinery and appliances in reasonably safe condition, including the duty of making inspections at proper intervals. He further instructed them that if the car was imperfect and defective, and this imperfection or defect was known to the defendant, or could have been as-

certained in time to prevent the accident by inspection made at respective intervals by a reasonably competent man exercising ordinary care, and that as a direct result of a failure or neglect to make or cause to be made such inspection, the accident in question happened, then in that event the defendant would be liable. It is insisted that because no proof was adduced showing that the ballast car in question was defective the burden should not be cast upon the defendant to show that inspections were made. It is further insisted that this in effect sets up the rule res ipsa loquitur. We do not so interpret this portion of the charge. The instructions as to the burden of showing inspection were predicated upon any finding that the jury might make as to defects in the car. If the evidence had warranted the submission of the case to the jury, it would have included some testimony tending to show a defect in the car. In that event, the instructions predicated upon a possible finding of such defect, would be proper because where a defect is shown the burden is cast upon the employer to show that proper inspection had been made.

Other assignments of error are predicated upon refusal of the trial judge to give certain instructions to the jury as requested by the defendant. These requests were refused on the ground that they were already sufficiently covered by the charge, with the exception of one request which was refused because there was no evidence upon which it could be based. A careful examination of these requests and a comparison of them with the charge of the court, discloses that the reasons given by the trial judge for his refusal to give them in instruction were well based and there was no error, and the assignments based upon his refusal are overruled.

It is further assigned as error that the verdict of the jury was contrary to the charge of the court. This assignment is wholly insufficient to challenge the sufficiency of the evidence to support the verdict. It is therefore overruled. Felton v. Clarkson, 103 Tenn., 457.

We are of the opinion as aforesaid, that there is no material evidence to support the verdict and that taking the strongest view of the testimony in favor of the plaintiff, including all proper inferences therefrom, a case of liability on the part of the defendant is not made out and the trial judge should have granted the motion that the jury return a verdict in favor of the defendant. The assignments based upon these propositions are sustained, and also the assignment based upon the refusal of the trial judge to charge the jury upon the subject of unanticipated danger or injury. The judgment of the circuit court is reversed, the verdict is set aside and the case is dismissed at the cost of the defendant in error.

Faw, P. J., and Crownover, J., concur.